UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:19-CR-161-TAV-HBG |
| ) | |
| KENT L. BOOHER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. Now before the Court is defense counsel's Motion to Substitute Attorney [Doc. 27], filed on December 28, 2020. The parties appeared before the Court via videoconference for a motion hearing on January 5, 2021. Assistant United States Attorneys Jennifer Kolman and Frank Dale represented the Government. Assistant Federal Defender Benjamin Sharp and the Federal Defender Services of Eastern Tennessee ("FDSET") appeared on behalf of Defendant, who was also present. Attorney Russell Greene was also present.

In his Motion to Substitute Attorney [Doc. 27], Assistant Federal Defender Sharp states that Defendant has requested that substitute counsel be appointed. During the motion hearing, Assistant Federal Defender Sharp detailed that it was his opinion that the attorney-client relationship was irretrievably broken due to a difference of opinion on how to proceed in the case. The Government stated that it takes no position on the pending motion.

Based upon the representations of Assistant Federal Defender Sharp and Defendant during the hearing, the Court finds that the trust necessary for the attorney-client relationship is irretrievably broken and the ability to communicate is significantly eroded, although the Court finds no fault on

the part of Assistant Federal Defender Sharp for this situation. Accordingly, the Court finds that good cause exists to grant the request for substitution of counsel. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

Therefore, Defendant's Motion to Substitute Attorney [**Doc. 27**] is **GRANTED**, and Assistant Federal Defender Sharp and the FDSET are **RELIEVED** as counsel of record for Defendant. At the end of the hearing, Attorney Greene agreed to accept representation of the Defendant if the present motion was granted. The Court therefore and hereby **SUBSTITUTES and APPOINTS** Attorney Greene under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant. Assistant Federal Defender Sharp and the FDSET are **DIRECTED** to turn over all discovery and the Defendant's file to Attorney Greene. Additionally, the parties are **DIRECTED** to contact District Judge Varlan's Chambers in regard to further scheduling in this case.

Accordingly, it is **ORDERED**:

(1) Defendant's Motion to Substitute Attorney [**Doc. 27**] is **GRANTED**;

(2) Assistant Federal Defender Sharp and the FDSET are **RELIEVED** of further representation of Defendant and are **DIRECTED** to provide new defense counsel with the discovery and information from Defendant's file as soon as possible; and

(3) Attorney Russell Greene is **SUBSTITUTED and APPOINTED** as counsel of record for the Defendant pursuant to the CJA.

**IT IS SO ORDERED**

ENTER:

*Bruce Guyton*
United States Magistrate Judge

2