UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:19-CR-161-TAV-HBG-1 |
| KENT LOWERY BOOHER, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This criminal matter is before the Court on defendant's Motion to Dismiss [Doc. 33], in which he seeks dismissal of Counts Three, Four, and Five of the First Superseding Indictment on the grounds of prosecutorial vindictiveness in violation of the Fourteenth Amendment.[1] The government responded in opposition [Doc. 35], and defendant has replied [Doc. 38]. This matter is now ripe for the Court's review. For the reasons below, defendant's Motion to Dismiss [Doc. 33] is **DENIED**.

**I.    Background**

In September 2019, a federal grand jury returned an indictment against defendant, charging him with enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) (Count One), and committing a felony offense under 18 U.S.C. § 2422

---

[1] The Court presumes that defendant intends to raise this claim under the Due Process Clause of the Fifth Amendment, which governs federal actions, rather than the Due Process Clause of the Fourteenth Amendment, which governs state actions. *See Scott v. Clay Cnty., Tenn.*, 205 F. 3d 867, 873 n.8 (6th Cir. 2000) ("The Fourteenth Amendment's Due Process Clause restricts the activities of the states and their instrumentalities; whereas the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government").

while required to register as a sex offender, in violation of 18 U.S.C. § 2260A (Count Two) [Doc. 3]. The Court appointed federal public defender Benjamin Sharp to represent defendant [Doc. 7], and defendant was ordered detained [Doc. 9]. On September 20, 2019, the Court entered a scheduling order setting the trial of this matter for November 25, 2019 [Doc. 10, p. 5]. The Court also stated that all motions, except for motions *in limine*, should be filed no later than October 18, 2019, and a party seeking an extension of the deadline for filing a pretrial motion should file a motion for an extension before the expiration of the relevant deadline [*Id*. at 4]. On October 24, 2019, after the expiration of the pretrial motion deadline, United States Magistrate Judge H. Bruce Guyton entered a pretrial order, stating "[n]o more motions, except for motions *in limine*, will be allowed to be filed in this cause of action by either side without prior leave of Court" [Doc. 12, p. 2].

On November 19, 2019, a federal grand jury returned the First Superseding Indictment which charged defendant with the same Counts One and Two as the original Indictment, but also charged the defendant with sex trafficking of a child, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), and (c) (Count Three), attempted production of child pornography, in violation of 18 U.S.C. § 2251 (Count Four), and enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) (Count Five) [Doc. 14]. In light of the First Superseding Indictment, the Court reset the trial of this case to April 7, 2020, and reset the pretrial motions deadline to January 3, 2020 [Doc. 17].

On January 3, 2020, defendant moved to continue the pretrial motions deadline by fourteen (14) days [Doc. 18]. The Court granted the motion and reset the deadline to

January 31, 2020 [Doc. 19]. On January 31, 2020, after no pretrial motions were filed, Judge Guyton entered a Second Pretrial Order, again stating "[n]o more motions, except for motions *in limine*, will be allowed to be filed in this cause of action by either side without prior leave of Court" [Doc. 20, p. 2].

On April 3, 2020, the Court *sua sponte* continued the trial to June 9, 2020, in light of the Court's Standing Order 20-06 which instructed that all jury trials scheduled to commence from March 16, 2020 through April 24, 2020 were to be continued in light of the COVID-19 pandemic [Doc. 21].

On May 12, 2020, defendant filed another motion to continue, contending that counsel needed additional time to investigate in light of the COVID-19 pandemic, and requesting a new trial date in September 2020 [Doc. 22]. Defendant also requested that "all other deadlines be extended as well" [*Id*. at 1]. The Court granted this motion and continued the trial to September 15, 2020 [Doc. 23]. The Court also extended the plea agreement deadline but did not address any other deadlines [*Id*.].

On August 25, 2020, the parties jointly moved to continue the trial, stating that additional time was needed to prepare in light of the COVID-19 pandemic [Doc. 24]. The Court granted this motion and reset the trial for December 7, 2020, and reset the plea agreement deadline accordingly, but did not extend any other deadlines [Doc. 25].

On December 3, 2020, the Court *sua sponte* continued the trial to January 26, 2021, in light of the ongoing nature of the COVID-19 pandemic and Standing Order 20-19, which

3

placed restrictions on visitors to the Court, including jurors [Doc. 26]. The Court extended the plea agreement deadline but did not extend any other deadlines [*Id.*].

Thereafter, on December 28, 2020, Mr. Sharp, at defendant's request, filed a motion to appoint substitute counsel, due to defendant's belief that it would be in his best interest to have new counsel appointed to represent him in this case [Doc. 27]. After a hearing on the matter, on January 5, 2021, Judge Guyton granted the motion to substitute counsel and appointed attorney Russell Greene to represent defendant under the Criminal Justice Act, 18 U.S.C. § 3006A [Doc. 31]. On January 8, 2021, the Court again *sua sponte* continued the trial of this matter to April 13, 2021, in light of Standing Order 21-01, which continued all jury trials scheduled to commence through February 28, 2021 [Doc. 32]. The Court did not extend the plea agreement deadline, which had expired on December 28, 2020, or any other deadlines [*Id.*].

On March 5, 2021, defendant filed the instant motion to dismiss Counts Three, Four and Five [Doc. 33]. According to the parties' briefs, in 2012, defendant was charged in Loudon County, Tennessee with three counts of aggravated statutory rape, two counts of statutory rape, and one count of aggravated sex exploit of a minor [Doc. 33-1, p. 2]. In 2014, he pled guilty to the two statutory rape charges and received a suspended sentence of three years' probation [Doc. 33-1, p. 2; Doc. 35-1]. The remaining counts were dismissed [*Id.*]. The parties agree that Counts Three, Four and Five of the First Superseding Indictment are related to the same victim involved in these Loudon County convictions [Doc. 33-1, p. 2; Doc. 35, p. 4].

4

## II. Analysis

### A. Timeliness

The Court first notes that a claim of vindictive prosecution is properly raised in a pretrial motion pursuant to Rule 12(b)(3). *See* Fed. R. Crim. P. 12(b)(3)(A)(iv). If a party does not meet the deadline for filing a motion under Rule 12(b)(3), the motion is untimely, but the court may consider the defense, objection, or request if the party shows good cause. Fed. R. Crim. P. 12(c)(3). "Good cause" is a flexible standard that is "heavily dependent on the facts of the particular case," but, at minimum, it requires the moving party to articulate some legitimate explanation for the failure to timely file. *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010).[2] The Sixth Circuit has held that, if the failure to timely file occurred as a result of a lawyer's conscious decision not to file a pretrial motion before the deadline, the party will not be able to establish good cause. *Id.* In so holding, the Court cited *United States v. Garcia*, 528 F.3d 481, 484–85 (7th Cir. 2008), in which the Seventh Circuit affirmed the district court's finding that switching lawyers was not good cause for filing an untimely pretrial motion. *Id.*

---

[2] The *Walden* Court provided this analysis of the "good cause" standard for purposes of determining whether a defense or objection had been "waived" under the prior Federal Rule of Criminal Procedure 12(e), which stated that a "party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) . . . [but] [f]or good cause, the court may grant relief form the waiver." *Walden*, 625 F.3d at 964; *United States v. Soto*, 794 F.3d 635, 648 n.3 (6th Cir. 2015). Although, based on the amendment to this Rule, the Court may no longer treat a party's failure to file a timely Rule 12(b)(3) pretrial motion as an intentional relinquishment of a known right, *see Soto*, 794 F.3d at 652, because the "good cause" requirement for excusing the filing of an untimely pretrial motion remains in the newly amended Rule 12(c)(3), *Walden*'s analysis of the "good cause" standard remains valid and applicable.

5

Here, defendant's motion to dismiss Counts Three, Four, and Five on the ground of prosecutorial vindictiveness is clearly untimely, as the last reset pretrial motions deadline expired on January 31, 2020 [Doc. 19], and when that deadline elapsed, the Court entered a pretrial order stating that no further motions, other than motions *in limine*, would be allowed without leave of Court [Doc. 20, p. 2]. Defendant now files this pretrial motion more than a year after the pretrial motion deadline expired, and with just over a month remaining before the presently scheduled trial date. Moreover, defendant does not even request leave of Court to file this out-of-time pretrial motion, and this alone is sufficient cause to deny the motion.

Even applying the good cause standard, defendant has not met his burden to articulate a legitimate explanation for his failure to timely file the instant motion, as he has not even addressed untimeliness of his motion, nor less provided any explanation for the belated filing. The Court notes that the First Superseding Indictment, which first added the counts that defendant now seeks to challenge, was filed in November 2019 [Doc. 14], more than fifteen (15) months before defendant filed this motion to dismiss. Moreover, to the extent that defendant would seek to rely on the recent appointment of his current counsel in January 2021 [Doc. 31], the Sixth Circuit has implied that the appointment of new counsel is insufficient to establish good cause. *See Walden*, 625 F.3d at 965 (citing *Garcia*, 528 F.3d 484-85). Accordingly, the Court finds that defendant has not met his burden of establishing good cause to excuse his untimely filing, and his motion is due to be dismissed as untimely under Rule 12(c)(3).

Nevertheless, for the sake of completeness, the Court will address the merits of defendant's motion to dismiss.

### B.  Prosecutorial Vindictiveness

Defendant argues that he can establish a presumption of vindictiveness in this case because the government replaced the original Indictment with the First Superseding Indictment, which contained more severe counts, after defendant rejected an initial plea offer [Doc. 33-1, pp. 2, 4].  He contends that the First Superseding Indictment allowed the government to avoid the previously scheduled November 2019 trial date, and significantly increased the potential prison time that he faces [*Id*. at 4].  Defendant opines that the government brought the First Superseding Indictment because they feel that he did not receive a severe enough punishment for his 2014 Loudon County convictions for statutory rape [*Id*. at 1, 4].

The government responds that the filing of additional charges does not establish prosecutorial vindictiveness where the additional charges follow unsuccessful plea negotiations [Doc. 35, p. 2].  The government contends that defendant has failed to identify any "protected right" that the prosecutor allegedly sought to deter him from exercising, noting that, under Sixth Circuit law, asserting the right to trial by jury by rejecting a plea bargain is insufficient to provide evidence of an improper motive on the part of the prosecution [*Id*. at 3].  Additionally, the government argues that the avoidance or postponement of trial does not constitute vindictiveness, and any claim that defendant was prejudiced by postponement of his trial is "patently disingenuous" since defendant has filed

7

three motions for trial continuances [*Id*.].  The government admits that the new charges in the First Superseding Indictment involve the same victim as defendant's prior Loudon County convictions, but argues that such does not demonstrate vindictive prosecution as the new charges have different elements than those that were required for the defendant's state convictions [*Id*. at 4].

Defendant replies that his right to a jury trial is a protected right, which the government prevented his exercise of through filing the First Superseding Indictment [Doc. 38, p. 1].  Defendant contends that the prosecution had a stake in his exercise of this right, and by filing the First Superseding Indictment near the time of the originally scheduled trial, the prosecution was able to avoid the trial [*Id*. at 2].  Defendant argues that the government's filing of the First Superseding Indictment was unreasonable because it was done to bring an "eight year old completed state court case into federal Court . . . carrying a much high[er] penalty" [*Id*.].  Further, defendant contends that the government intends to punish him for exercising his right to trial, as the government admitted "that they were mad at the Defendant for not accepting their plea offer to the original indict[ment]" [*Id*.].  Defendant also states that the government "claim[s] he got off too easily in state court" [*Id*.].

"To punish a person because he has done what the law plainly allows him to do is a due process violation 'of the most basic sort.'"  *United States v. Goodwin*, 457 U.S. 368, 372 (1982) (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978)).  In certain cases in which action detrimental to a defendant is taken after the defendant exercises a legal

8

right, the Supreme Court has instructed that courts should presume an improper vindictive motive. *Id*. at 373. However, the Court has only applied this presumption in cases "in which a reasonable likelihood of vindictiveness exists." *Id*.

In *Bordenkircher*, the Supreme Court held that the Due Process Clause of the Fourteenth Amendment[3] did not prohibit a prosecutor from carrying out a threat, made during plea negotiations, to bring additional charges against a defendant who refused to plead guilty to the original charges. *Id*. at 377 (citing *Bordenkircher*, 434 U.S. at 358–59, 365). In that case, the prosecutor had specifically informed defendant that if he did not plead guilty and "save the court the inconvenience and necessity of a trial" he would return to the grand jury to obtain an additional charge that would significantly increase defendant's potential punishment. *Bordenkircher*, 434 U.S. at 358–59. In so holding, the Court distinguished the situation from those in which new charges were brought after an appeal of a conviction, stating that those situations were "very different from the give-and-take negotiation common in plea bargaining between the prosecution and defense, which arguably possess relatively equal bargaining power." *Id*. at 363 (internal quotation marks omitted).

The Supreme Court later re-addressed the issue of a presumption of vindictiveness in the pretrial context, but this time, in the absence of any evidence that could give rise to a claim of actual vindictiveness. *Goodwin*, 457 U.S. at 380–81. The Court noted that,

---

[3] *Bordenkircher* involved a state prosecution, so the Fourteenth Amendment was the relevant constitutional amendment. As the Court previously noted, because this case involves a federal prosecution, the Fifth Amendment is the relevant constitutional amendment.

9

because a prosecutor may not have uncovered all relevant information at the pretrial stage, a change in the charging decision at that stage is much less likely to be improperly motivated than a change in the charging decision made after an initial trial is completed. *Id*. at 381. The Court thus concluded that, considering the timing of the prosecutor's action, the presumption of vindictiveness was not warranted in that case. *Id*. at 382. Specifically, the Court stated that "[a] prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution. An initial decision should not freeze future conduct." *Id*. The Court further stated that "*Bordenkircher* made clear that the mere fact that a defendant refuses to plead guilty and forces the government to prove its case is insufficient to warrant a presumption that subsequent changes in the charging decision are unjustified." *Id*. at 382–83.

Similarly, the Sixth Circuit has stated that "[a] prosecutor who adds on extra charges after the exercise of a procedural right is arguably acting less vindictively than a prosecutor who substitutes a more severe charge for a less severe one." *United States v. Andrews*, 633 F.2d 449, 454 (6th Cir. 1980). The Sixth Circuit emphasized that "the mere appearance of vindictiveness is not enough . . . [t]he factual situation must pose a realistic likelihood of vindictiveness." *Id*. at 455.

The Sixth Circuit has established a four-prong test for determining whether a defendant has established a reasonable likelihood of vindictiveness: (1) defendant's exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; (3) the unreasonableness of the prosecutor's conduct; and (4) the intent to punish the defendant

10

for exercise of the protected right. *United States v. Suarez*, 263 F.3d 468, 479 (6th Cir. 2001). Under the first prong, the Sixth Circuit held that a defendant must show more than that he chose not to accept a plea bargain and instead asserted his right to trial. *Id*. The Circuit acknowledged that the right to a trial by a jury of one's peers is a highly protected right but held that asserting this right by rejecting a plea bargain is insufficient evidence of an improper motive on the part of the prosecution. *Id*. As to the second prong, the Circuit indicated that the prosecution's stake in seeking to avoid trial is implicit in the plea bargaining process, and therefore, cannot be vindictive under *Bordenkircher*. *Id*. at 480. As to the third prong, the Sixth Circuit held that the mere presence of a superseding indictment bringing additional charges is not sufficient to be presumptively unreasonable. *Id*. Instead, a potentially vindictive superseding indictment must add additional charges or substitute more severe charges based on the same conduct charged less heavily in the first indictment. *Id*. The Circuit stated that the government's choice to hold some charges in abeyance as an inducement during plea bargaining is a permissible form of plea bargaining if the additional charges are supported by probable cause. *Id*.

Here, defendant has not alleged any facts that would support a finding of a reasonable likelihood of vindictiveness. Defendant appears to assert that a presumption of vindictiveness arises simply because the government added charges after he rejected a plea offer. But this argument is directly contradicted by both Supreme Court and Sixth Circuit case law, all of which indicates that something more than the addition of charges after rejection of a plea offer is necessary to raise a presumption of vindictiveness in the pretrial

11

stage.  *See Goodwin*, 457 U.S. at 380–83; *Bordenkircher*, 434 U.S. at 363; *Suarez*, 263 F.3d at 479–81.

Moreover, nothing in defendant's motion distinguishes this case from the situation in *Suarez* and thus, he cannot satisfy the four-prong test to establish a reasonable likelihood of vindictiveness in this case, as necessary to invoke the presumption of vindictiveness. First, as to defendant's exercise of a protected right, defendant merely asserts that he rejected the government's plea offer.  The *Suarez* Court explicitly held that the assertion of the right to trial is insufficient to show an improper motive on the part of the prosecutor. 263 F.3d at 479.  Because defendant does not indicate that the government filed the First Superseding Indictment in response to the exercise of any other right, he has not met the first prong of establishing a reasonable likelihood of vindictiveness in this case.

Second, as to the government's stake, defendant points to the government's avoidance of the initial November 2019 trial date as a result of filing the First Superseding Indictment [Doc. 33-1, p. 4].  The Court notes that several of the continuances in this case have been granted at defendant's request [*See* Docs. 18, 22, 24].  The Court therefore questions defendant's implication that he was prepared to proceed to trial in November 2019, absent the First Superseding Indictment.  Nevertheless, the Court does not find that any delay in this matter constitutes a prosecutorial stake that could support a finding of a reasonable likelihood of vindictiveness.  The Sixth Circuit previously rejected the complete avoidance of trial as a prosecutorial stake that could support the presumption of vindictiveness. *Suarez*, 263 F.3d at 480.  If the complete avoidance of trial is not a

12

prosecutorial stake that could support the presumption, the Court cannot conclude that a brief trial delay[4] is such a stake. Further, even if such trial delay could be deemed a sufficient prosecutorial stake, because defendant cannot establish several other prongs of the test for establishing a reasonable likelihood of vindictiveness, this prong, standing alone, would be insufficient to invoke the presumption of vindictiveness.

Third, as to the reasonableness of the government's action in filing the First Superseding Indictment, the Sixth Circuit has held that the filing of a superseding indictment adding charges is not presumptively unreasonable. *Suarez*, 263 F.3d at 480. To the contrary, the Sixth Circuit indicated that it is only a superseding indictment that adds more severe charges "based on the same conduct charged less heavily in the first indictment" could be potentially vindictive. *Id*. In this case, however, the added counts, that is, Counts Three, Four, and Five, are not based on the same conduct charged in the first indictment. Rather, these three counts are based on entirely separate actions that occurred years before the actions that gave rise to Counts One and Two, which were the only counts included in the original Indictment [*See* Docs. 1, 14]. Defendant contends that it was unreasonable to add these three new counts, because they are based on the same facts as an eight-year-old, final state court matter [Doc. 38, p. 2], but cites no authority as to why the addition of charges based on conduct that happened several years prior could not

---

[4] The Court initially continued the trial from November 25, 2019, to April 7, 2020 [Docs. 10, 17]. The Court finds that this delay is the only amount traceable to the government's First Superseding Indictment, as the remaining continuances were either granted on defendant's request or made in light of the COVID-19 pandemic.

reasonably be used as an inducement in the plea bargaining process, and then added to the indictment after the conclusion of plea negotiations. *See Suarez*, 263 F.3d at 480 (stating that the government's choice to hold some charges in abeyance as an inducement during plea bargaining is a permissible form of plea bargaining if the additional charges are supported by probable cause). Accordingly, the Court does not find that the filing of the First Superseding Indictment in this case was unreasonable under the third prong.

Fourth, as to the government's intent to punish defendant for the exercise of a protected right, in his reply, defendant contends that the government had indicated to his counsel that it was "mad at" defendant for not accepting the original plea offer and filed the First Superseding Indictment as punishment [Doc. 38, p. 2]. Notably, defendant raises this allegation for the first time in his reply brief, which is improper, such that the Court may decline to consider it. *See United States v. Sweeney*, No. 1:12-cr-92, 2013 WL 1489108 (E.D. Tenn. Feb. 7, 2013) (declining to address an argument improperly raised for the first time in a reply brief). Nevertheless, even if the Court were to consider the allegation, and treat it as true, because defendant cannot establish the remaining prongs of the test for establishing a reasonable likelihood of vindictiveness, the Court finds that defendant has not alleged facts that support the invocation of the presumption of vindictiveness in this case.

As a final note, throughout the briefing defendant complains that Counts Three, Four, and Five of the First Superseding Indictment are based on the same factual scenario as his 2014 Loudon County statutory rape convictions. Defendant's arguments read more

14

as a misplaced double jeopardy argument than an argument regarding prosecutorial vindictiveness. It is entirely irrelevant whether the added charges were based on the same factual background as the Loudon County charges, as the federal government retains sovereignty to prosecute defendant for the same conduct under federal law, even if the state also prosecutes him for such conduct under state law. *See Gamble v. United States*, 139 S. Ct. 1960, 1963 (2019) (holding that under the dual-sovereignty doctrine, "a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute. Or the reverse may happen"). Moreover, as to defendant's argument that the government now seeks to punish him for this conduct because it believes that he did not receive a sufficiently high sentence in Loudon County, such allegation simply could not fall under the scope of the Sixth Circuit's prosecutorial vindictiveness test, as defendant has not exercised any right regarding his prior state conviction that led to the addition of those charges here. Indeed, perceived inadequacies in a state's sentencing may well regularly be grounds for federal prosecutions under the dual sovereignty doctrine. The Court concludes that such allegation is not sufficient to establish a reasonable likelihood of vindictiveness.

Thus, because defendant has not shown a reasonable likelihood of vindictiveness in this case, no presumption of vindictiveness arises. Accordingly, defendant's motion to dismiss [Doc. 33] is **DENIED**.

15

## III. Conclusion

For the reasons discussed, Defendant's Motion to Dismiss Counts Three, Four, and Five of the First Superseding Indictment [Doc. 33] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE